1   WILSON PETTY KOSMO & TURNER LLP
    VICKIE E. TURNER (106431)
2   SOTERA L. ANDERSON (211025)
    550 West C Street, Suite 1050
3   San Diego, California 92101
    Telephone: (619) 236-9600
4   Facsimile: (619) 236-9669
    **E-mail:** vturner@wpkt.com
5   **E-mail:** sanderson@wpkt.com

6   Attorneys for Defendant
    EXXONMOBIL OIL CORPORATION
7   (erroneously sued as "EXXONMOBIL")

8

9                  UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11  NAVEADA COPELAND,                    Case No. **08 CV 0574 BEN NLS**

12            Plaintiffs,                **NOTICE OF REMOVAL OF ACTION
                                         UNDER 28 U.S.C. § 1441(a)**
13        v.                             **(DIVERSITY)**

14  EXXONMOBIL; MOBIL SELF SERVE AND     Complaint Filed: October 31, 2007
    DOES 1 TO 20, INCLUSIVE,
15                                       Date:
            Defendants.                  Time:
16                                       Dept.:
                                         Judge:      Hon.
17                                       Trial Date: Not Set

18

19        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(a), Defendant EXXONMOBIL

21  OIL CORPORATION ("ExxonMobil"), erroneously sued as "EXXONMOBIL", hereby removes

22  this action from the Superior Court of the State of California, County of San Diego, East Division to

23  the United States District Court for the Southern District of California, and sets forth in support of its

24  Notice of Removal of Action the following:

25        1.      On October 31, 2007, Plaintiff Naveada Copeland ("Plaintiff") commenced this

26  action in the Superior Court of the State of California, County of San Diego, East Division entitled,

27  *Naveada Copeland v. Exxonmobil, et al.*, Case No. 37-2007-00062090CU-PO-EC, by the filing of a

28  Complaint. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

                                    -1-                          Case No.
    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)
                                                    (DIVERSITY)

FILED
2008 MAR 27  PH 12: 02
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

2.     The Complaint alleges the following two causes of action against Defendants: (1) general negligence and (2) premises liability.

3.     ExxonMobil was served with the Summons and Complaint on January 7, 2008.

4.     This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by ExxonMobil pursuant to the provisions of 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5.     Plaintiff Naveada Copeland was, at the commencement of this action in state court, and still is, a citizen of the United States and domiciled in the State of California.  On March 11, 2008, Plaintiff responded to ExxonMobil's Form Interrogatories, Set One.  Form Interrogatory No. 2.3 asks, "At the time of the INCIDENT, did you have a driver's license? If so state: (a) the state or other issuing entity; ...(c) the date of issuance; ..." Plaintiff's response follows: "Yes; (a) California; ...(b) License issued 7/10/2003;..." Form Interrogatory No. 2.5 asks Plaintiff to state: "(a) your present residence ADDRESS; (b) your residence ADDRESSES for the past five years; and (c) the dates you lived at each ADDRESS." Plaintiff's response follows: "(a) 5068 Palin St. San Diego, Ca 92113 (b-c) 5068 Palin St. San Diego, Ca 92113 [12/2004 - present] 4368 Keeler Ave. San Diego, Ca 92113 [2000 - 2004]".  Plaintiff's residence is *prima facie* evidence that she is domiciled in the State of California for purposes of diversity jurisdiction.  (State Farm v. Dyer (10th Cir.1994) 19 F.3d 514, 519.)  A true and correct copy of the relevant portions of ExxonMobil's Form Interrogatories, Set One, propounded to Plaintiff are attached hereto as Exhibit "B" (see Form Interrogatory Nos. 2.3 and 2.5).  A true and correct copy of the relevant portions of Plaintiff's Responses to Form Interrogatories (Set Number One) are attached hereto as Exhibit "C" (see Form Interrogatory Nos. 2.3 and 2.5).  Plaintiff's Responses to Form Interrogatories (Set Number One) were served on March 11, 2008, and received by counsel for ExxonMobil on March 14, 2008. Additionally, Plaintiff is not a citizen of the State of New York or the State of Texas.

6.     ExxonMobil was, at the time this action was filed in state court and still is, a corporation duly organized and existing under the laws of the State of New York with its principal

-2-                    Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)
(DIVERSITY)

1  place of business in the State of Texas, and was not and is not a citizen of the State of California.

2        7.     Mobil Self Serve, a second Defendant identified in the Complaint, is the name of the

3  gas station where the incident that is the subject of this lawsuit occurred. ExxonMobil is the owner

4  and possessor of this gas station and is the proper Defendant in this case. Thus, no separate joinder

5  from Mobil Self Serve is required or need be provided.

6        8.     The Complaint also names Defendants Does 1 to 20. Pursuant to 28 U.S.C. §

7  1441(a), the citizenship of these Defendants is disregarded.

8        9.     While the face of the Complaint did not definitively disclose the existence of federal

9  subject matter jurisdiction with respect to the amount in controversy, on March 5, 2008, Plaintiff

10  responded to ExxonMobil's Request for Statement of Damages. With respect to special damages,

11  Plaintiff identified $14,190.65 in past medical expenses and damages for future medical expenses,

12  past lost earnings and future loss of earnings in unknown amounts. She also identified $500,000 in

13  general damages for past and future pain, suffering and emotional distress. Thus, the amount in

14  controversy in this action exceeds $75,000, exclusive of interests and costs. A true and correct copy

15  of the Plaintiff's Statement of Damages is attached hereto as Exhibit "D."

16        10.    Plaintiff alleges to have suffered personal injuries as a result of her slipping on wet

17  paint at the subject gas station while she was eight months pregnant. (Exh. "A") Plaintiff claims

18  lost wages, past medical expenses, general damages in excess of $500,000, and other damages, to

19  include permanent disability, emotional distress and diminished quality of life. (Exhs. A and D)

20        11.    Because the face of the Complaint did not reveal a basis for removal in that it fails to

21  identify the citizenship of any of the parties and fails to assert the amount in controversy,

22  ExxonMobil could not remove the case until it learned of these facts through discovery.

23  ExxonMobil first learned of the amount in controversy when Plaintiff served her responses to

24  ExxonMobil's Request for Statement of Damages on or about March 5, 2008. (Exh. "D")

25  ExxonMobil first learned of Plaintiff's citizenship when Plaintiff served her Responses to Form

26  Interrogatories (Set Number One) on March 11, 2008. (Exh. "C") With this last piece of evidence,

27  the case became removable on March 11, 2008.

28

-3-        Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)
(DIVERSITY)

12. This Notice of Removal is being filed within thirty (30) days after the case becoming removeable as noted above and, therefore, is timely filed under 28 U.S.C. § 1446(b). (<u>Harris v.</u> <u>Bankers Life and Cas. Co.</u>, 425 F.3d 689, 692 (2005).)

13. This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. § 1446(b).

14. Removal to this Court is proper as the Superior Court of the State of California, County of San Diego, East Division, where this action was originally filed, is located within this district.

15. True and correct copies of all other pleadings and orders on file in the state court are attached hereto at Exhibit "E." To the best of ExxonMobil's knowledge, the exhibits attached to this Notice of Removal of Action constitute all of the process, pleadings and orders served upon ExxonMobil at the time of this removal.

16. Counsel for ExxonMobil certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego, and give notice of same to counsel for Plaintiff.

Dated:     March 27, 2008                      **WILSON PETTY KOSMO & TURNER LLP**

By:     _____
        VICKIE E. TURNER
        SOTERA L. ANDERSON

        Attorneys for Defendant
        EXXONMOBIL OIL CORPORATION
        (erroneously sued as "EXXONMOBIL")

-4-                          Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)
(DIVERSITY)

Exhibit A

PLD-PI-001

| | FOR COURT USE ONLY |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address): <br> A. JASON KERCKHOFF, ESQ. <br> KERCKHOFF LAW, APC <br> 2533 S. COAST HIGHWAY 101 <br> SUITE 250 <br> CARDIFF, CA 92007 <br>    **TELEPHONE NO:** (760) 635-7600   **FAX NO.** (Optional): <br> **E-MAIL ADDRESS** (Optional): <br> **ATTORNEY FOR** (Name): NAVEADA COPELAND | |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO |
| **STREET ADDRESS:** 250 EAST MAIN STREET |
| **MAILING ADDRESS:** |
| **CITY AND ZIP CODE:** EL CAJON, CA 92020-3913 |
| **BRANCH NAME:** EAST COUNTY DIVISION |

PLAINTIFF: NAVEADA COPELAND

DEFENDANT: EXXONMOBIL; MOBIL SELF SERVE; and

[X] DOES 1 TO 20, inclusive

**RECEIVED**

JAN 08 2008

**EMRM HOUSTON**

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| [ ] AMENDED (Number): | 37-2007-00062090-CU-PO-EC |

**Type** (check all that apply):
[ ] MOTOR VEHICLE    [X] OTHER (specify): PREMISES LIABILITY
    [ ] Property Damage    [ ] Wrongful Death
    [ ] Personal Injury    [X] Other Damages (specify): GENERAL NEGLIGENCE

**Jurisdiction** (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded    [ ] does not exceed $10,000
        [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

1. Plaintiff (name or names): Naveada Copeland

   alleges causes of action against defendant (name or names): ExxonMobil; Mobil Self Serve;
                   and DOES 1 through 20, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| SHORT TITLE: Copeland v. ExxonMobil, et al. | CASE NUMBER: |
|---|---|

RECEIVED

JAN 08 2008

EMRM HOUSTON

4. ☐ Plaintiff *(name)*:

  Is doing business under the fictitious name *(specify)*:

  and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant *(name)*: ExxonMobil

     (1) ☐ a business organization, form unknown
     (2) ☒ a corporation
     (3) ☐ an unincorporated entity *(describe)*:

     (4) ☐ a public entity *(describe)*:

     (5) ☐ other *(specify)*:

   b. ☒ except defendant *(name)*: Mobil Self Serve

     (1) ☒ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe)*:

     (4) ☐ a public entity *(describe)*:

     (5) ☐ other *(specify)*:

   c. ☐ except defendant *(name)*:

     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe)*:

     (4) ☐ a public entity *(describe)*:

     (5) ☐ other *(specify)*:

   d. ☐ except defendant *(name)*:

     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe)*:

     (4) ☐ a public entity *(describe)*:

     (5) ☐ other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers)*: Does 1 - 10  were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers)*: Does 11 - 20  are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify)*:

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

| SHORTTITLE: Copeland v. ExxonMobil, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

   a. [ ] Motor Vehicle
   b. [X] General Negligence
   c. [ ] Intentional Tort
   d. [ ] Products Liability
   e. [X] Premises Liability
   f. [ ] Other *(specify)*:

**RECEIVED**

**JAN 08 2008**

**EMRM HOUSTON**

11. Plaintiff has suffered
   a. [X] wage loss
   b. [ ] loss of use of property
   c. [X] hospital and medical expenses
   d. [X] general damage
   e. [ ] property damage
   f. [X] loss of earning capacity
   g. [X] other damage *(specify)*: Permanent disability, emotional distress and diminished quality of life.

   11.5 Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were legally caused by those defendants.

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [ ] listed in Attachment 12.
   b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [X] compensatory damages
      (2) [ ] punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
   (1) [X] according to proof
   (2) [ ] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: October 25, 2007

A. JASON KERCKHOFF, ESQ.
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 (Rev. January 1, 2007)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

PLD-PI-001(2)

| SHORT TITLE: Copeland v. ExxonMobil, et al. | CASE NUMBER: |
|---|---|

FIRST _____   CAUSE OF ACTION—General Negligence   Page 4 ___
  (number)

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

(Use a separate cause of action form for each cause of action.)

RECEIVED
JAN 08 2008
EMRM HOUSTON

GN-1. Plaintiff (name):  Naveada Copeland; and

alleges that defendant (name):  ExxonMobil; Mobil Self Serve; and

[X] Does 1 ___ to 20, inclusive

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on (date): November 4, 2005
at (place): The Mobil Self Serve located at 9750 N. Magnolia Avenue, Santee, CA 92071
(description of reasons for liability):

Defendants ExxonMobil, Mobil Self Serve, and/or their agents negligently owned, controlled, managed, and maintained their premises so as to allow for the existence of a dangerous condition thereon in the form of wet gray paint on the gas pump island.

This condition created an unreasonable risk of harm to patrons of the Mobil Self Serve, in that there were no warning signs or anything to warn patrons of the existence of the danger created by the wet gray paint being on the island.

Based upon the nature of the condition and its location, it seems clear that the condition had existed for a minimum of several hours. As such, defendants ExxonMobil, Mobil Self Serve, and/or their agents had both actual and constructive knowledge of the existence of the dangerous condition on their premises.

As a direct and proximate result of the existence of said dangerous condition, plaintiff stepped on the wet gray paint and slid sideways and outward along the edge of the island until she could go no further, which thereby caused serious personal injury to plaintiff.

As a proximate result of this negligence, plaintiff has been injured and/or damaged in an amount to be determined at trial.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Legal Solutions Plus

Code of Civil Procedure 425.12

| SHORT TITLE: Copeland v. ExxonMobil, et al. | CASE NUMBER: |
|---|---|

CAUSE OF ACTION—Premises Liability    Page 5

SECOND
_(number)_

**ATTACHMENT TO** [X] Complaint [ ] Cross-Complaint
_(Use a separate cause of action form for each cause of action.)_

Prem.L-1. Plaintiff _(name):_ Naveada Copeland
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On _(date):_ November 4, 2005    plaintiff was injured on the following premises in the following

fashion _(description of premises and circumstances of injury):_
Plaintiff hereby fully incorporates by reference all allegations
contained in the First Cause Of Action for General Negligence, as if
those were fully set forth herein.

**RECEIVED**

**JAN 08 2008**

**EMRM HOUSTON**

Prem.L-2. [X] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated
the described premises were _(names):_ ExxonMobil; Mobil Self Serve; and

[X] Does 1 to 20

Prem.L-3. [X] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
_(names):_ ExxonMobil; Mobil Self Serve; and

[X] Does 1 to 20
Plaintiff, a recreational user, was [X] an invited guest [X] a paying guest.

Prem.L-4. [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
on which a dangerous condition existed were _(names):_

[ ] Does to
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were _(names):_ ExxonMobil; Mobil
Self Serve; and

[X] Does 1 to 20
b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [ ] as follows _(names):_

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**



Code of Civil Procedure, § 425.10

DISC-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
|---|
| WILSON PETTY KOSMO & TURNER LLP<br>VICKIE E. TURNER/SOTERA L. ANDERSON (106431/211025)<br>550 WEST C STREET, SUITE 1050<br><br>SAN DIEGO, CA 92101<br>TELEPHONE NO.: 619-236-9600<br>FAX NO. *(Optional):* 619-236-9669<br>E-MAIL ADDRESS *(Optional):* vturner@wpkt.com/sanderson@wpkt.com<br>ATTORNEY FOR *(Name):* DEFENDANT EXXON MOBIL OIL CORPORATION |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
SUPERIOR COURT OF CALIFORNIA
EAST COUNTY

SHORT TITLE OF CASE: COPELAND V. EXXONMOBIL, ET AL.

---

**FORM INTERROGATORIES—GENERAL**

Asking Party: DEFENDANT EXXON MOBIL OIL CORPORATION

Answering Party: PLAINTIFF NAVEADA COPELAND

Set No.: ONE

CASE NUMBER:
37-2007-00062090CU-PO-EC

---

**Sec. 1.    Instructions to All Parties**

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2.    Instructions to the Asking Party**

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

**Sec. 3.    Instructions to the Answering Party**

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
        *(DATE)*                        *(SIGNATURE)*

**Sec. 4.  Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[X]  (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

**FORM INTERROGATORIES—GENERAL**

Legal
Solutions
Plus

DISC-001

☐ **(2) INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c) PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d) DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e) HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f) ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

CONTENTS

1.0   Identity of Persons Answering These Interrogatories
2.0   General Background Information—Individual
3.0   General Background Information—Business Entity
4.0   Insurance
5.0   *[Reserved]*
6.0   Physical, Mental, or Emotional Injuries
7.0   Property Damage
8.0   Loss of Income or Earning Capacity
9.0   Other Damages
10.0  Medical History
11.0  Other Claims and Previous Claims
12.0  Investigation — General
13.0  Investigation — Surveillance
14.0  Statutory or Regulatory Violations
15.0  Denials and Special or Affirmative Defenses
16.0  Defendant's Contentions Personal Injury
17.0  Responses to Request for Admissions
18.0  *[Reserved]*
19.0  *[Reserved]*
20.0  How the Incident Occurred—Motor Vehicle
25.0  *[Reserved]*
30.0  *[Reserved]*
40.0  *[Reserved]*
50.0  Contract
60.0  *[Reserved]*
70.0  Unlawful Detainer *[See separate form DISC-003]*
101.0  Economic Litigation *[See separate form DISC-004]*
200.0  Employment Law *[See separate form DISC-002]*
     Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☒ 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0 General Background Information—Individual**

☒ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☒ 2.2 State the date and place of your birth.

☒ 2.3 At the time of the **INCIDENT**, did you have a driver's license? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.4 At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.5 State:
(a) your present residence **ADDRESS;**
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS.**

☒ 2.6 State:
(a) the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☒ 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☒ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☒ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☒ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

**FORM INTERROGATORIES—GENERAL**

Exhibit C

1  A. JASON KERCKHOFF, ESQ. (107513)
   KERCKHOFF LAW, APC
2  2533 South Coast Highway 101, Suite 250
   Cardiff-By-The-Sea, CA  92007
3  (760) 635-7600
4  (760) 635-7602 **FAX**

5  Attorneys for Plaintiff,
   NAVEADA COPELAND

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF IMPERIAL**

10

11  NAVEADA COPELAND,            )      **CASE NO.  ECU03815**
                                 )
12                  Plaintiff,   )      **PLAINTIFF'S RESPONSES TO**
                                 )      **FORM INTERROGATORIES**
13  vs.                          )      **(SET NUMBER ONE)**
                                 )
14  EXXON MOBIL; MOBIL SELF SERVE;)
15  and DOES 1 to 20, inclusive, )      IC Judge:      Eddie C. Sturgeon
                                 )      Dept:          E-14
16                  Defendants.  )      Phone Number:  (619) 441-4880
                                 )      Complaint Filed: 10/31/07
17  ─────────────────────────────)

18

19  PROPOUNDING PARTY:    Defendant, EXXON MOBIL OIL CORPORATION

20  RESPONDING PARTY:     Plaintiff, NAVEADA COPELAND

21  SET NUMBER:           ONE

22

23        Plaintiff hereby responds to Defendant's Form Interrogatories, Set

24  No. One, as follows:

25                    **PRELIMINARY STATEMENT**

26        1.    These responses are made pursuant to California Code of

27  Civil Procedure Section 2030.210 and are based upon information and

28

                                    -1-

However, without waiving, and specifically incorporating, the objections stated above, responding party responds as follows:

## **RESPONSES**

1.1    My attorney, A. Jason Kerckhoff.

2.1    (a)    Naveada Nicole Copeland;

      (b)    Naveada Perron (Married name in 1992) Nickie (nickname);

      (c)    Married name 1992 – approximately 1994, I have used my nickname all my life.

2.2    July 6, 1969 in Columbus, Ohio.

2.3    Yes;

      (a)    California;

      (b)    License #B4284258;

      (b)    License issued 7/10/2003;

      (d)    None.

2.4    No.

2.5    (a)    5068 Palin St. San Diego, Ca 92113

      (b-c) 5068 Palin St. San Diego, Ca 92113 [12/2004 – present]

            4368 Keeler Ave. San Diego, Ca 92113 [2000 – 2004]

2.6    (a)    IHHS County of San Diego
            7080 Bay Blvd Ste 200
            Chula Vista, Ca 91910
            (619) 476-6200

      (b)    IHSS County of San Diego:

            Occupation: CNA – Certified Nursing Assistant;

-6-

1    (b)   The shoes that I was wearing when the subject incident
2    occurred, showing the grey paint that I slipped on.

3    (c)   May 4, 2007 and the middle of November 2005;

4    (d)   My attorney and I both took the photos;

6    (e)   My attorney, A. Jason Kerckhoff, Esq., and myself.

7    12.5 No.

8    12.6 No, however I waited at the premises of the subject incident for

9    thirty minutes after the incident occurred.   I spoke with the clerk and
10   supervisor of the gas station (see response to 12.1).   I also talked to
11
12   the supervising painter that was on the subject premises.

13   12.7 (a-b) Yes, my attorney, A. Jason Kerckhoff, inspected the scene of
14   the subject incident in November of 2005.
15
16   13.1 No.

17   13.2 Not applicable.

18   14.1 There was no sign to warn that the paint was wet.
19
20   14.2 No.

21   Dated: March 11, 2008                  KERCKHOFF LAW, APC

22

23   By: _____
                  A. Jason Kerckhoff, Esq.
24               Attorneys for Plaintiff,
                  NAVEADA COPELAND
25

26

27

28

-14-

Copeland v. Exxon Mobil Oil Corporation, et al.
Case No. 37-2007-00062090CU-PO-EC

# **VERIFICATION**

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF SAN DIEGO    )

I,  NAVEADA COPELAND, declare:

I am the Plaintiff named in the above-referenced action.  I have read the foregoing -- **PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES (SET NUMBER ONE)** -- and know the contents thereof.  The same is true of my own personal knowledge, except as to those matters which are stated therein on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _11th_ day of _March_____, 2008, at San Diego, California.

_____
NAVEADA COPELAND

Copeland v. Exxon Mobil Oil Corporation, et al.
SDSC Case No. ECU03815

1

## PROOF OF SERVICE
## (CCP §§ 1013(a) and 2015.5)

2

STATE OF CALIFORNIA    )

3                      ) SS.

COUNTY OF SAN DIEGO    )

4

5      I, the undersigned, am employed in the County of San Diego, State
of California. I am over the age of eighteen years and not a party to the
6  within action.  My business address is 2533 South Coast Highway 101,
Suite 250, Cardiff-By-The-Sea, CA  92007.
7

8      On March 11, 2008, I served the within document(s) entitled:

9

## PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES
10                   ## (SET NUMBER ONE)

11
on all interested parties in this action, whose names and addresses are
12  listed on the attached service list, in the following manner:

13
[X]  **MAIL -** I am "readily familiar" with the firm's practice of collection
14      and processing correspondence for mailing. Under that practice it
        would be deposited with the U.S. Postal Service on that same day
15      with postage thereon fully prepaid at Cardiff, California in the
        ordinary course of business.  I am aware that on motion of the
16      party served, service is presumed invalid if postal cancellation date
        or postage meter date is more than one day after date of deposit
17      for mailing an affidavit.

18

19  [ ]  **PERSONAL SERVICE -** Such envelope(s) were delivered by hand
        to the office(s) of the addressee(s).
20

21  [ ]  **FACSIMILE -** Such document(s) were telefaxed to the office(s) of
        the addressee(s).
22

23  [X]  **STATE -** I declare under penalty of perjury under the laws of the
        State of California that the foregoing is true and correct.
24

25      Executed on March 11, 2008 at Cardiff, California.

26

27      ALICE A. HILL, ACP

28

-1-

Copeland v. ExxonMobil Oil Corporation, et al.
SDSC Case No. ECU03815

1

2

3

## **SERVICE LIST**

4  **Vickie E. Turner, Esq.**                    **Attorney for Defendants,**
   **Sotera L. Anderson, Esq.**                  **EXXON MOBIL OIL CORP. &**
5  Wilson, Petty, Kosmo & Turner, LLP            **MOBIL SELF SERVE**
   550 West C Street, Suite 1050
6  San Diego, CA  92101
7  (619) 236-9600
   (619) 236-9669 **FAX**
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

A. JASON KERCKHOFF, ESQ. (107513)
KERCKHOFF LAW, APC
2533 South Coast Highway 101, Suite 250
Cardiff-By-The-Sea, CA  92007
(760) 635-7600
(760) 635-7602 **FAX**

Attorneys for Plaintiff,
NAVEADA COPELAND

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| NAVEADA COPELAND, ) | **CASE NO.  ECU03815** |
| ) | |
| Plaintiff, ) | **STATEMENT OF DAMAGES** |
| ) | **(CCP § 425.11)** |
| vs. ) | |
| ) | |
| EXXON MOBIL; MOBIL SELF SERVE; ) | |
| and DOES 1 to 20, inclusive, ) | IC Judge:      Eddie C. Sturgeon |
| ) | Dept:          E-14 |
| Defendants. ) | Phone Number: (619) 441-4880 |
| ) | Complaint Filed: 10/31/07 |

Plaintiff NAVEADA COPELAND hereby responds to defendants' Request For Statement Of Damages as follows:

### **GENERAL OBJECTION**

Objection.   The nature and extent, including prognosis for plaintiff's injuries, are not yet known and not all medical bills have been obtained.  Accordingly, no medical expert has been retained to prepare a life-care plan, as that would be premature.   Similarly, neither a vocational rehabilitation counselor, nor economist, has been retained to determine plaintiff's diminution in earning capacity or anticipated future loss of earnings.

-1-

1    For these reasons, no meaningful damage information is available

2 and it is premature to expect that it would be.   Without waiving said

3 objections, plaintiff responds as follows:

4    1.    Special damages:

5        a.    Past medical expenses:              $14,190.65

6        b.    Future medical expenses:              Unknown

7        c.    Past lost earnings:              Unknown

8        d.    Future loss of earnings:              Unknown

9    2.    General damages (past and future pain, suffering and

10 emotional distress) in the amount of $500,000.00.

11 Dated: March 5, 2008              KERCKHOFF LAW, APC

12

13                By: _____

14                    A. Jason Kerckhoff, Esq.
                    Attorneys for Plaintiff,
15                  NAVEADA COPELAND

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

Copeland v. ExxonMobil Oil Corporation, et al.
SDSC Case No. ECU03815

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5)**

STATE OF CALIFORNIA    )
                       ) SS.
COUNTY OF SAN DIEGO    )

    I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 2533 South Coast Highway 101, Suite 250, Cardiff-By-The-Sea, CA 92007.

    On March 5, 2008, I served the within document(s) entitled:

**STATEMENT OF DAMAGES (CCP § 425.11)**

on all interested parties in this action, whose names and addresses are listed on the attached service list, in the following manner:

[X]  **MAIL -** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Cardiff, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]  **PERSONAL SERVICE -** Such envelope(s) were delivered by hand to the office(s) of the addressee(s).

[ ]  **FACSIMILE -** Such document(s) were telefaxed to the office(s) of the addressee(s).

[X]  **STATE -** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on March 5, 2008 at Cardiff, California.

                                      ALICE A. HILL, ACP

-1-

Copeland v. Exxon Mobil Oil Corporation, et al.
SDSC Case No. ECU03815

1

2

3

## **SERVICE LIST**

4 | **Vickie E. Turner, Esq.**                **Attorney for Defendants,**

**Sotera L. Anderson, Esq.**            **EXXON MOBIL OIL CORP. &**

5 | Wilson, Petty, Kosmo & Turner, LLP    **MOBIL SELF SERVE**

6 | 550 West C Street, Suite 1050

San Diego, CA  92101

7 | (619) 236-9600

(619) 236-9669 **FAX**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

STREET ADDRESS:   250 East Main Street
MAILING ADDRESS:   250 East Main Street
CITY AND ZIP CODE:   El Cajon, CA 92020
BRANCH NAME:   East County
TELEPHONE NUMBER:   (619) 441-4680

**RECEIVED**

**JAN 08 2008**

**EMRM HOUSTON**

PLAINTIFF(S) / PETITIONER(S):   Naveada Copeland

DEFENDANT(S) / RESPONDENT(S):   Exxonmobil et.al.

COPELAND VS. EXXONMOBIL

| | CASE NUMBER: |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | 37-2007-00062080-CU-PO-EC |

Judge:  Eddie C Sturgeon                                    Department: E-14

COMPLAINT/PETITION FILED: 10/31/2007

---

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)

**NOTICE OF CASE ASSIGNMENT**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

RECEIVED

JAN 08 2008

EMRM HOUSTON

CASE NUMBER: 37-2007-00062090-CU-PO-EC        CASE TITLE: Copeland vs. Exxonmobil

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition. If parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 593-4530.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

**RECEIVED**

JAN 08 2008

**EMRM HOUSTON**

Jan-18-2008  10:34am  From-EXXONMOBIL                    713 6564994          T-137  P.006/011  F-624

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:     250 East Main Street
MAILING ADDRESS:    250 East Main Street
CITY, STATE & ZIP CODE: El Cajon, CA 92020-3941
BRANCH NAME:     East County

**FOR COURT USE ONLY**

**RECEIVED**

JAN 08 2008

**EMRM HOUSTON**

PLAINTIFF(S):  Naveada Copeland

DEFENDANT(S):  Exxonmobil et.al.

SHORT TITLE:  COPELAND VS. EXXONMOBIL

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS**
**(CRC 3.221)**

CASE NUMBER:
37-2007-00062090-CU-PO-EC

Department: E-14

Judge: Eddie C Sturgeon

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- [x] Court-Referred Mediation Program
- [ ] Private Neutral Evaluation
- [ ] Private Mini-Trial
- [ ] Private Summary Jury Trial
- [ ] Private Settlement Conference with Private Neutral
- [ ] Other (specify): _____

- [ ] Court-Ordered Nonbinding Arbitration
- [ ] Court-Ordered Binding Arbitration (Stipulated)
- [ ] Private Reference to General Referee
- [ ] Private Reference to Judge
- [ ] Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

Name of Plaintiff                Name of Defendant

Signature                        Signature

Name of Plaintiff's Attorney     Name of Defendant's Attorney

Signature                        Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated:  10/31/2007            _____
                             JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page 1

<table>
<tr><td colspan="2"><b>UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF CALIFORNIA</b></td><td>COURT USE ONLY</td></tr>
</table>

| | |
|---|---|
| TITLE OF CASE (ABBREVIATED) | |
| NAVEADA COPELAND V. EXXONMOBIL, ET AL | |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): | TELEPHONE NO.: |
|---|---|
| VICKIE E. TURNER (106431) | Tel. (619) 236-9600 |
| SOTERA L. ANDERSON (211025) | Fax: (619) 236-9669 |
| **WILSON PETTY KOSMO & TURNER LLP** | |
| 550 West C Street, Suite 1050 | |
| San Diego, CA 92101 | |

| ATTORNEYS FOR: | HEARING DATE – TIME | CASE NUMBER: |
|---|---|---|
| Defendant EXXONMOBIL OIL CORPORATION | | |

<h2 style="text-align:center">PROOF OF SERVICE</h2>

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On March 27, 2008, I served the following documents:

1. NOTICE OF REMOVAL OF ACTION UNDER USC § 1441(A) (DIVERSITY);
2. NOTICE OF PARTIES WITH FINANCIAL INTEREST

I served the documents on the person below, as follows:

> A. Jason Kerckhoff, Esq.
> Kerckhoff Law, APC
> 2533 S. Coast Highway 101, Ste. 250
> Cardiff, CA 92007
> (760) 635-7600
> Fax: (760) 635-7602
>
> *Attorney for Plaintiff*

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on March 27, 2008, at San Diego, California.

_____
Lori Cutrell

fpos by mail.doc

---

PROOF OF SERVICE

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

NAVEADA COPELAND

## DEFENDANTS

EXXONMOBIL; MOBIL SELF-SERVE AND DOES 1
TO 20, INCLUSIVE    2008 MAR 27 PM 12: 04

'08 CV 0574 BEN NLS    CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY KMK    DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

A. JASON KERCKHOFF (107513)
KERCKHOFF LAW, APC
2533 S. COAST HIGHWAY 101, STE. 250
CARDIFF, CA  92007
(760) 635-7600

ATTORNEYS (IF KNOWN)

VICKIE E. TURNER/SOTERA L. ANDERSON
WILSON PETTY KOSMO & TURNER LLP
550 WEST C STREET, SUITE 1050
SAN DIEGO, CA 92101
(619) 236-9600  (106431/211025)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC § 1332 (Diversity) and 28 USC § 1441
(A), General Negligence and Premises Liability.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 896 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE                Docket Number

DATE                SIGNATURE OF ATTORNEY OF RECORD

March 27, 2008                WILSON PETTY KOSMO & TURNER LLP
                VICKIE E. TURNER
                SOTERA L. ANDERSON

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

149145 $350  SU  3/27/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 149145    — SH
* * C O P Y * *
March 27. 2008
12:02:31**

**Civ Fil Non-Pris**
Amount.:                    $350.00 CK
Check#.: BC10031

**Total—>  $350.00**

FROM: COPELAND V. EXXONMOBIL ET AL